**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DOUGLAS LONGHINI, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,

Plaintiffs,
v.

CASE: 1:26-cv-2278 (FJS/PJE)

LATHAM LODGING, LLC, a New York Limited Liability Company.

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiffs, DOUGLAS LONGHINI, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, LATHAM LODGING, LLC, a New York Limited Liability Company (hereinafter "Defendant") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201, 1331 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, *et seq*.

4. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, DOUGLAS LONGHINI, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, DOUGLAS LONGHINI, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, Defendant, LATHAM LODGING, LLC, was and is a New York Limited Liability Company doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

8. At all times material, Defendant, LATHAM LODGING, LLC, owned, leased, and/or operated the Commercial Property located at 833 New Loudon Road, Latham, New York

12110 (hereinafter “Commercial Property”) operated as “La Quinta Inn & Suites by Wyndham Latham Albany Airport”.

9. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Latham, New York.

10. Defendant’s Commercial Property at issue in this matter and the business therein are located in and around the Albany County area. The Defendant regularly conducts business within Albany County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Albany County area.

FACTUAL ALLEGATIONS

11. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, has suffered from cerebral palsy since the age of two and has used a wheelchair to ambulate for his entire life. Plaintiff, DOUGLAS LONGHINI, is therefore substantially limited in major life activities, including, but not limited to, walking, standing, climbing stairs, and performing activities that require lower body strength and mobility. Because Plaintiff relies upon a wheelchair to ambulate, he depends upon accessible parking spaces, access aisles, and accessible routes in order to use a place of public accommodation on an equal basis with persons who are not disabled.

12. Plaintiff, DOUGLAS LONGHINI, is an avid race fan and enjoys traveling to events to watch horse races. Plaintiff, DOUGLAS LONGHINI, stayed at the Commercial Property from September 5, 2026 to September 6, 2026 while he attended the live Harness Racing event at the Saratoga Race Course. During this stay, Plaintiff, DOUGLAS LONGHINI, encountered architectural barriers that hindered his ability to access and use the Commercial Property and the hotel, including the parking and exterior routes, the lobby and pool areas, the fitness center, the

common area restrooms, and his guestroom.

13. Plaintiff, DOUGLAS LONGHINI, plans to return to the Commercial Property during the summer months of 2027 to attend the harness racing event at Saratoga Race Course.

14. Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

15. Defendant has discriminated, and continues to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. <u>Parking and Exterior Routes</u>

i. There are no compliant accessible routes from the public streets, transit stops or parking spaces to the hotel, as the routes contain improper slopes, maneuvering spaces and changes in level, violating the 2010 ADA Standards for Accessible Design. The improper slopes and clearance restrict Plaintiffs' mobility throughout the parking area.

ii. The designated accessible parking space at the end of the row lacks an access aisle and the required identification sign, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper parking lot design restricts Plaintiffs' mobility throughout the parking area.

iii. The accessible parking spaces and access aisles are located on slopes, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper location of the spaces and aisles restrict Plaintiffs' mobility throughout the parking area.

iv. The passenger loading zone lacks the required signage and contains slopes, violating § 503 of the 2010 ADA Standards for Accessible Design. The improper design restricts Plaintiffs' mobility throughout the parking area.

v. The entrances to the restaurant, hotel lobby and guestrooms are not located on a compliant accessible route, violating §§ 206 and 402 of the 2010 ADA Standards for Accessible Design. The non-compliant route restricts Plaintiffs' mobility throughout the parking area.

B. Access to Goods and Services

i. The tables and counters in the hotel lobby and pool areas exceed the maximum height and/or lack the required knee and toe clearance, and the bars, self-serve items and paper towels are located beyond the required reach range, violating §§ 308, 804 and 902 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' access to the lobby and pool area.

ii. The fitness machines lack the required clear floor space between units, the computer is not located in a compliant location, and the towels are located beyond the required reach range, violating §§ 236, 308 and 1009 of the 2010 ADA Standards for Accessible Design. The lack of clear floor space impedes Plaintiffs' access to the fitness area.

C. Common Area Restrooms

i. The water closet and grab bars are improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly located hardware impedes Plaintiffs' access to the restrooms.

ii. The men's restroom lacks the required maneuvering space to exit, violating § 404 of the 2010 ADA Standards for Accessible Design. The lack of maneuvering space impedes Plaintiffs' access to the restrooms.

iii. The sink counters and mirrors exceed the maximum heights, violating §§ 606 and 603 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' access to the restrooms.

iv. The dispensers are improperly located violating §§ 308 and 604.7 of the 2010 ADA Standards for Accessible Design. The improperly located dispensers impedes Plaintiffs' access to the restrooms.

D. <u>Hotel Guestroom # 132</u>

i. The guestrooms are inaccessible, violating § 806 of the 2010 ADA Standards for Accessible Design.

ii. The window blinds, lamp and thermostat controls are located outside the accessible routes and reach ranges and have inoperable parts, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design. The inoperable hardware impedes Plaintiffs' full access to the controls.

iii. The guestroom storage closet, hangers and shelf are non-compliant, violating §§ 225, 308 and 811 of the 2010 ADA Standards for Accessible Design. The non-compliant hardware impedes Plaintiffs' full access to the guestroom closet.

iv. The guestroom lavatory exceeds the maximum height, violating § 606 of the 2010 ADA Standards for Accessible Design. The excessive height of the lavatory impedes Plaintiffs' use of the restroom.

v. The shower controls are improperly located, violating § 608 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' use of the restroom.

vi. The hand-held shower wand and toiletries are improperly located, violating § 308 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' use of the restroom.

vii. The shower stall is improperly designed and lacks the required clear floor space, violating § 608 of the 2010 ADA Standards for Accessible Design. The improperly designed hardware impedes Plaintiffs' use of the restroom.

viii. The shower stall lacks the required fixed seat, violating §§ 608 and 610 of the 2010 ADA Standards for Accessible Design. The improperly designed shower impedes Plaintiffs' use of the restroom.

ix. The guestroom water closet and grab bars are improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design.

16. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**COUNT I – ADA PHYSICAL VIOLATIONS**

17. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

18. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the

ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

19. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

21. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable

by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

25. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

26. This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

27. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered

through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28. These regulations became effective March 15, 2012.

29. Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provides information to third party sites, which contain an online reservations system for the Commercial Property. This website is located at: https://www.wyndhamhotels.com/laquinta/latham-new-york/la-quinta-latham-albany-airport?CID=LC:6ysy27krtpcrqev:52977&iata=00093796

30. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

31. Prior to the commencement of this lawsuit, Plaintiff, DOUGLAS LONGHINI,

visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. In each instance, at various points in the reservation process the website indicated that handicap or mobility accessible rooms were available.

32. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, DOUGLAS LONGHINI's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

33. In the near future, including as set forth above, Plaintiff, DOUGLAS LONGHINI, intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

34. Plaintiffs are continuously aware that the subject website remains non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

35. The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprives Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the

discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

36. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

37. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

38. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

39. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make it readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its violations of the ADA.

40. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT III VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**

41. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

42. Plaintiffs have a disability as defined by New York State Human Rights Law.

43. Defendant owns, operates, or leases a public accommodation, within the meaning of New York State Human Rights Law § 292(9).

44. Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

45. Defendant's direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when he was segregated from all other customers.

46. Defendant has, because of Plaintiffs' disabilities, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of its public accommodation.

47. Defendant has demonstrated that the patronage or custom thereat of Plaintiffs and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

48. Defendant and its agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.

49. Defendant discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

50. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing

regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

d. The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

e. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law.

f. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law.

g. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: November 2nd, 2026

Respectfully submitted,

By: ______________

John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
*Attorneys for Plaintiffs*